IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| KIERAN KELLY,<br><br>              Plaintiff,<br><br>    v.<br><br>ATLANTIC CAPE FISHERIES, INC.,<br>et al.,<br><br>              Defendants. | Civil No. 15-6926 (NLH/JS) |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on plaintiff's "late notice" objections to defendants' proposed trial exhibits (KK4524 – 4797 and KK 5033 – 5152) that defendants recently produced.[1] [Doc. No. 50]. The Court received the parties' written submissions [Doc. Nos. 46, 53, 54] and recently held oral argument. For the reasons to be discussed, plaintiff's "late notice" objections are OVERRULED.

Background

The parties are familiar with the background of this matter so a detailed summary will not be provided. Plaintiff's complaint was filed on September 17, 2015. Briefly, plaintiff claims he was injured on defendants' vessel on June 13, 2013. Defendants vigorously deny responsibility for plaintiff's injury

---

[1] Plaintiff does not assert "late notice" objections to KK4798 – 5032.

1

and claim plaintiff was not injured on their vessel. Discovery in the case has been extensive and contentious. Amongst the most prominent issues are whether plaintiff was injured on the vessel or somewhere else, and whether the vessel regularly leaked hydraulic oil. At the present time all fact and expert discovery is complete and a trial date has been set in January 2018. The parties are in the process of finalizing the Joint Final Pretrial Order which should be entered shortly.

Defendants recently produced emails that were requested in the case long ago. The emails date from late 2012 to January 2014, and include communications between plaintiff and Atlantic Cape Fisheries' President and Vice-President. The parties do not dispute the emails are relevant to the case and they were requested long ago in discovery. The parties also do not dispute that in January, 2017, defense counsel assured plaintiff that defendants would search for all relevant emails. Nevertheless, despite this assurance the emails were only recently produced. According to defense counsel, after his client recently sent him an email that was not previously produced in discovery, he asked his client to search for and identify all of plaintiff's emails. This resulted in the cache recently produced. Defense counsel represents, and it has not been disputed, that defendants produced their emails to plaintiff promptly after they were discovered.

Plaintiff now wants to exclude the recently produced emails on the ground they were produced late and because plaintiff will be prejudiced by their use. Plaintiff claims he did not have the benefit of the emails when he deposed key witnesses, the emails may open the door to more discovery, and the emails will distract from counsel's trial preparation. Plaintiff also argues the amount of insurance available to plaintiff will be decreased because of the transaction costs defense counsel will incur from use of the emails. In response, defendants argue plaintiff will not be prejudiced because plaintiff sent or received most of the emails at issue. Further, defendants agree to pay the cost of any additional discovery plaintiff will take because of their late production. Also, if plaintiff's "late notice" objections are overruled defendants will agree to withdraw their "late notice" objections to plaintiff's trial exhibits.

Discussion

As to the applicable law to apply, there is no dispute. The Third Circuit has identified five factors to analyze to determine whether late produced evidence should be precluded as a sanction pursuant to Fed. R. Civ. P. 37(c). These factors are: (1) the prejudice or surprise to a party against whom the evidence is offered; (2) the ability of the injured party to cure the prejudice; (3) the likelihood the admission of the late evidence would disrupt the orderly and efficient trial of the

3

case or of other cases in the court; (4) bad faith or willfulness in failing to comply with the Court's Orders; and (5) the importance of the evidence to the proffering party. See Meyers v. Pennypack Woods Home Ownership Ass'n, 559 F.2d 894, 904 (3d Cir. 1977); In re Mercedes-Benz Anti-Trust Litig., 225 F.R.D. 498, 506 (D.N.J. 2005). In addition, as set forth in ABB Air Preheater, Inc. v. Regenerative Environmental Equipment Co., Inc., 167 F.R.D. 668, 671 (D.N.J. 1996)(citations omitted),"[t]he Third Circuit has, on several occasions, manifested a distinct aversion to the exclusion of important testimony absent evidence of extreme neglect or bad faith on the part of the proponent of the testimony."

Applying the Meyers factors, and recognizing the Third Circuit's reluctance to exclude relevant evidence, the Court overrules plaintiff's late notice objections. The Court finds that the Meyers factors weigh in defendants' favor.

As to factor number one, it is true that plaintiff's counsel is "surprised" by defendants' emails. However, this surprise is tempered by the fact that plaintiff sent or received most of the emails. Thus, it is not completely accurate to argue plaintiff is surprised by the emails. Further, although defendants are certainly to blame for not producing their emails earlier, plaintiff is not blameless. At one time plaintiff had to have copies of the emails available to him on his phone or

4

computer. Plaintiff, therefore, could have discovered the emails himself and produced them to defendants in discovery. Further, plaintiff denied at his deposition that he communicated with defendants by email. If plaintiff gave defendants a correct answer, it would have alerted defendants to the fact that relevant emails existed and it is possible they would have been produced earlier. By no means does the Court intend to sidestep defendants' transgressions. However, the Court simply points out that not all equities weigh in plaintiff's favor. The first Meyers factor, therefore, is neutral.

As to the second Meyers factor, the Court finds that the prejudice to plaintiff from defendants' late production can be cured. The Court will grant plaintiff leave to take the relevant discovery he reasonably needs to address the prejudice caused by defendants' late production. At a minimum this includes re-deposing Messrs. Martin and Cohen, Atlantic Fisheries' President and Vice-President, and Capt. Tasker who took over as Captain of defendants' vessel after plaintiff left.[2] Nonetheless, the Court makes it clear it is not giving plaintiff a "blank check" to take any discovery he wants. At this time the Court is not convinced plaintiff legitimately needs any other depositions. Nevertheless, if plaintiff shows good cause the Court will grant plaintiff leave to take additional discovery. The additional

---

[2] The Court is not certain of the spelling of the new Captain's name.

cost to re-depose defendants' witnesses is a non-issue. Defendants have already agreed to pay these costs, including plaintiff's attorney's fees. As to plaintiff's claim that he is distracted from his trial preparation, the Court does not give the argument much weight. One, trial is still at least two months away. Two, plaintiff's counsel is an experienced litigator who is undoubtedly familiar with dealing with unforeseen events shortly before trial. Since any prejudice to plaintiff can be cured, the second Meyers factor weighs in defendants' favor.

The third Meyers factor examines whether trial will be disrupted if the late evidence is used. This will not occur here since trial is not scheduled to start until January 2018 at the earliest.[3] Thus, the third factor weighs in defendants' favor. The fourth Meyers factor examines if defendants acted in bad faith or willfully. Although there is little question defendants' actions in failing to identify and produce their emails earlier were negligent, there is no evidence defendants acted with subjective bad faith. In other words, defendants did not purposely conceal documents from plaintiff. According to defendants this is nonsensical since defendants believe their emails help their case. The fourth Meyers factor weighs in defendants' favor.

---

[3] Defense counsel recently asked the Court to move the start of trial to the week of February 19, 2018. [Doc. No. 57].

The last Meyers factor examines the importance of the evidence to the proffering party. As to this factor the equities weigh in defendants' favor. Defendants' key defense is that plaintiff was not injured on their vessel as claimed and the vessel did not leak hydraulic fluid as much as plaintiff claims. Defendants' emails are important to this issue because, according to defendants, the emails do not mention plaintiff's physical complaints and the alleged oil leaks. Given this absence, defendants view the emails as crucial to impeaching plaintiff's credibility. In view of the Third Circuit's aversion to excluding relevant evidence, the jury should have a full record on which to weigh in on plaintiff's credibility. Plaintiff will have a full and fair opportunity at trial to explain why certain items were or were not mentioned in his emails. Thus, the fifth Meyers factor also weighs in defendants' favor.

Conclusion

For all the foregoing reasons, the Court will overrule plaintiff's "late notice" objections to defendants' late produced emails (KK4524 – 4797 and KK5033 - 5152). The Court finds that the Meyers factors weigh in defendants' favor. Although there is no question defendants should have produced their emails earlier, plaintiff should have already known about them because he sent or received the emails at issue. Further,

7

any prejudice to plaintiff from the use of the emails can be cured. Moreover, there is no evidence defendants acted in bad faith. Last, the interest of justice compels that the case be decided on a full record, especially where any prejudice to plaintiff from the use of defendants' late produced emails can be cured.

O R D E R

Accordingly, for all the foregoing reasons, it is hereby ORDERED this 30th day of October, 2017, as follows:

1. Plaintiff's "late notice" objections to defendants' late produced emails (KK4524 - 4797 and K5033 - 5152) are OVERRULED. This Order is entered without prejudice to plaintiff's right to assert all other appropriate objections to the use of the exhibits at trial.

2. Plaintiff is granted leave to re-depose Messrs. Martin and Cohen and Capt. Tasker. The depositions shall be taken on a date and at a place chosen by plaintiff.

3. Plaintiff is granted leave to move for good cause shown to take additional discovery to cure any alleged prejudice caused by defendants' late production. All additional discovery shall be completed by December 1, 2017.

4. After receiving plaintiff's invoice supported by an affidavit that complies with L. Civ. R. 54.2, defendants shall promptly pay plaintiff the reasonable cost of the foregoing

discovery, including plaintiff's attorney's fees and court reporter and transcript costs.

5. Defendants' "late notice" objections to plaintiff's trial exhibits are denied as moot, defendants representing their objections would be withdrawn if plaintiff's "late notice" objections addressed herein are OVERRULED.

6. If requested by plaintiff, defendants shall undertake a forensic review of their computers by a qualified disinterested third-party to assure that all relevant ESI has been produced. Defendants shall pay the cost of the review.

7. The final executed version of the Joint Final Pretrial Order shall be served by December 11, 2017.[4]

s/Joel Schneider<br>
JOEL SCHNEIDER<br>
United States Magistrate Judge

---

[4] The Court is not keeping a copy of the complete set of late produced emails that defendants forwarded.