UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| KIERAN KELLY | : | |
| | : | |
| -V- | : | NO. 1:15-cv-06926 NLH-JS |
| | : | |
| ATLANTIC CAPE FISHERIES, INC., | : | |
| SEA HARVEST, INC., | : | |
| And the F/V PACIFIC CAPES | : | |

**DEFENDANTS' BRIEF IN SUPPORT OF THEIR MOTION TO PRECLUDE CERTAIN PORTIONS OF REPORT AND TESTIMONY OF PLAINTIFF'S LIABILITY EXPERT, JOSEPH A. DERIE**

**CONTENTS**

| | | | |
|---|---|---|---|
| I. | Facts | | 1 |
| II. | Argument | | 1 |
| | a. | Standard of Review | 1 |
| | b. | OSHA's Applicability to the Vessel's Engine Room is Questionable | 3 |
| | c. | OSHA Regulations are Pre-Empted because the Coast Guard Exercised Jurisdiction Over the Vessel's Hydraulic System | 4 |
| | d. | Mr. Derie's Report/Testimony on OSHA is prejudicial and will Confuse a Jury Because OSHA Does Not Establish Negligence Per Se | 5 |
| III. | Conclusion | | 5 |

## CITATIONS

Carter v. Hewitt
    617 F.2d 961 (3rd Cir. 1980)      2

Chao v. Mallard Bay Drilling, Inc
    534 U.S. 235 (2002)      3, 4

E.I. du Pont de Nemours & Co. v. Berkley and Co., Inc.
    620 F.2d 1247 (8th Cir. 1980)      3

Jones v. Spentonbush-Red Star Co.
    155 F.3d 587 (2d Cir. 1998)      5

Paoli R.R. Yard PCB Litigation
    35 F.3d 717 (3d Cir. 1994)      2

Sprint/United Management Co. v. Mendelsohn
    552 U.S. 379 (U.S. 2008)      2

Torres-Arroyo v. Rullan
    436 F.3d 1 (1st Cir. 2006)      2

U.S. v. Velasquez
    64 F.3d 844 (3d Cir. 1995)      2

U.S. v. Higgins
    362 F.2d 462 (7th Cir. 1966)      2

## STATUTES

Federal Rules of Evidence      2

### DEFENDANTS' BRIEF IN SUPPORT OF THEIR MOTION TO PRECLUDE CERTAIN PORTIONS OF REPORT AND TESTIMONY OF PLAINTIFF'S LIABILITY EXPERT, JOSEPH A. DERIE

Defendants, Atlantic Capes Fisheries, Inc. and Sea Harvest, Inc., by and through their attorneys, Reeves McEwing LLP, submit the following brief in support of their motion to preclude evidence regarding the alleged applicability and violations of the Occupational Safety & Health Act ("OSHA") and related regulations.

**I.    FACTS**

Plaintiff was the Captain of the F/V PACIFIC CAPES, a commercial fishing vessel owned and/or operated by Defendants. Plaintiff claims that he slipped and fell on hydraulic oil in the engine room on June 13, 2013. Docket No. 1. Plaintiff claims damages arising out of the unseaworthiness of the vessel and defendants' negligence due to a hydraulic oil leak in the engine room. *Id.* at Count I and II.

In his expert report, Joseph A. Derie offers various opinions concerning the applicability and violation of OSHA regulations by Defendants. *See* Exhibit A.

For the reasons, which follow below, Derie should not be permitted to testify at time of trial with respect to allegations of applicability and violations of the Occupational Safety & Health Act and related regulations, and such portions of his report and/or other evidence regarding same should be excluded from evidence.

**II.    ARGUMENT**

    **a.    Standard of Review**

F.R.E. 104 permits this Court to decide issues of admissibility of evidence on a hearing outside of the presence of a jury. In exercising this function, this Court may require plaintiffs to

make more than a *prima facie* showing of reliability of expert's testimony for it to be admissible by preponderance of evidence that expert's opinions were reliable. *In re Paoli R.R. Yard PCB Litigation*, 35 F.3d 717, 743 (3d Cir. 1994). Further, in light of evidentiary rules requiring district courts to make preliminary determinations concerning qualification of person to be a witness and admissibility of evidence, a district court faced with a proffer of expert testimony must make preliminary determinations as to all elements of Rule 702 addressing expert testimony to ensure the reliability of expert testimony, as well as its relevance. *U.S. v. Velasquez*, 64 F.3d 844, 849 (3d Cir. 1995).

Evidence which has no probative value with respect to any issue, including credibility, is not admissible, and trial judge has the function and duty to exclude such evidence from consideration by the jury. See, F.R.E. 402; *U.S. v. Higgins*, 362 F.2d 462 (7th Cir. 1966). The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. F.R.E. 403. District courts have the right, and the obligation, to exclude evidence in order to guard against juror confusion. *Torres-Arroyo v. Rullan*, 436 F.3d 1 (1st Cir. 2006).

Applying the Federal Rules of Evidence to determine whether otherwise relevant evidence should be excluded based on its potential prejudicial effect requires a fact-intensive, context-specific inquiry. *Sprint/United Management Co. v. Mendelsohn*, 128 S.Ct. 1140, 552 U.S. 379, 170 L.Ed.2d 1 (U.S. 2008). Evidence is "unfairly prejudicial," for purpose of this rule if the evidence has an undue tendency to suggest decision on an improper basis or on something other than the legal propositions relevant to the case. *Carter v. Hewitt*, 617 F.2d 961, 972 (3rd

Cir. 1980). A trial judge should exclude evidence when convinced that it will create a danger of prejudice outweighing its probative value.  *E.I. du Pont de Nemours & Co. v. Berkley and Co., Inc.*, 620 F.2d 1247 (8th Cir. 1980).

In his report, Derie relies on both OSHA and Coast Guard regulations regarding safety onboard commercial fishing vessels. To the extent that the Coast Guard has exercised jurisdiction over the condition of the vessel's engine room, Defendants maintain that OSHA simply does not apply.

### b.  OSHA's Applicability to the Vessel's Engine Room is Questionable

In order to determine the admissibility of Derie's opinions regarding the applicability of OSHA regulations in this matter, the Court must apply the complicated, and often overlapping, regulations of the Coast Guard and OSHA to specific facts of record in this case. These complicated issues were first addressed in *Chao v. Mallard Bay Drilling, Inc.* 534 U.S. 235 (2002). The *Chao* court held that OSHA's regulation of inspected vessels was preempted by the Coast Guard's statutory and regulatory authority over vessels designated by the Coast Guard as "inspected vessels". *Id*.

It is undisputed that fishing vessels, such as the F/V PACIFIC CAPES, are classified by the Coast Guard as "uninspected vessels", but such does not mean that Coast Guard has not inspected a particular vessel. Turning to uninspected vessels, the *Chao* Court held that:

> Simply because the Coast Guard has engaged in a limited exercise of its authority to address certain working conditions pertaining to certain classes of uninspected vessels does not mean that *all* OSHA regulation of *all* uninspected vessels has been pre-empted. See 29 U. S. C. § 653(b)(1) (preemption only extends to working conditions *"with respect to which"* other federal agencies have exercised their authority). Because the Coast Guard has neither affirmatively regulated the working conditions at issue in this case, nor asserted comprehensive regulatory jurisdiction over working conditions on uninspected vessels, the Coast Guard has not "exercise[d]" its authority under § 4(b)(1).

3

*Id.* at 244 – 245 (*emphasis added*).   Because *Chao* was addressing the regulation of an oil rig, and not a commercial fishing vessel, further inquiry is required.

Derie's report specifically references OSHA's directive concerning uninspected commercial fishing vessels. Exhibit A at ¶3.  That directive specifically states that:

> The extent of the U.S. Coast Guard preemption of OSHA authority over commercial uninspected fishing industry vessels underwent significant changes in 1988. In response to 46 U.S.C. 4501 *et seq.*, the U.S. Coast Guard issued specific regulations for commercial uninspected fishing, fish tender, and fish processing vessels to improve the overall safety and health conditions on commercial uninspected fishing industry vessels.

*Id.* at 10.  The Directive further states:

> A. Authority over Commercial Uninspected Fishing Industry Vessels. Authority over working conditions (hazards) on commercial uninspected fishing industry vessels is shared by the U.S. Coast Guard and OSHA, with the U.S. Coast Guard being the lead agency. OSHA is precluded under section 4(b)(1) of the OSH Act from enforcing requirements pertaining to working conditions regulated by another federal agency. Applicable U.S. Coast Guard regulations in force that preempt OSHA for commercial uninspected fishing industry vessels are set forth in 46 CFR Part 28 and are summarized in Appendix B of this instruction. These vessels (fish processors 5,000 gross tons and less, fish tenders 500 gross tons and less, and all fishing vessels; see Section VIII Definitions) are also subject to the general regulations for uninspected vessels in 46 CFR Parts 24, 25, and 26.

*Id.* at 16.

### c.   OSHA Regulations are Pre-empted because the Coast Guard Exercised Jurisdiction over the Vessel's Hydraulic System

Plaintiff admits that before the vessel went to sea the Coast Guard did perform a safety inspection the PACIFIC CAPES. *See* Exhibit B, Deposition of Kieran Kelly at 100, 107. It is undisputed that the vessel first went to sea on May 26, 2013, a few weeks before the alleged accident.  Plaintiff claims that the leaky hydraulic system in the engine room is what made this vessel unseaworthy. Accordingly, this particular occupational safety concern was within the

sole realm of Coast Guard enforcement and arguably pre-empts OSHA regulation. Further, within a month of the alleged incident, the Coast Guard performed another inspection. *See* Exhibit C (Coast Guard Fishing Vessel Safety Examination). As the Coast Guard exercised its jurisdiction over the vessel and its engine room just a few weeks before, and a few weeks after the alleged accident, OSHA regulations have no relevance and reference to them should be excluded at time of trial pursuant to FRE 104 and 402.

      **d.**      **Mr. Derie's Report/Testimony on OSHA is prejudicial and will Confuse a Jury Because OSHA Does Not Establish Negligence Per Se**

An actual OSHA violation does not constitute negligence *per se* under the Jones Act or for claims of unseaworthiness. *See Jones v. Spentonbush-Red Star Co.*, 155 F.3d 587 (2d Cir. 1998). **In this case no OSHA or Coast Guard violations were issued** concerning the hydraulic systems or the engine room condition, and therefore an expert's opinion as to whether there were violations will be extremely prejudicial, and such prejudice outweighs any potential relevance.

**III.**    **CONCLUSION**

For the reasons stated above, Joseph A. Derie's report and testimony concerning any alleged violations of OSHA regulations should be barred as being irrelevant, superseded by Coast Guard's exercise of jurisdiction, and prejudicial. In the alternative, the admission of OSHA

regulations at all should be admitted only for purposes of attempting to prove a standard of care and not to establish applicability or negligence per se in this matter.

                                            Respectfully Submitted,

                                            REEVES McEWING, LLP

                                            */s/ Brian McEwing, Esquire*
                                            BRIAN McEWING, ESQUIRE
                                            681 Townbank Road
                                            Cape May, New Jersey 08204
                                            Tele: #609-846-4717
                                            Attorney for Defendants
Dated: 12/4/17                            mcewing@lawofsea.com