## Southwest Passage Marine Surveys

CAPT Joseph A. Derie DSc PE (LCDR, USCG, Ret.)
1205 SE 57th Ave
Portland, OR 97215

Phone 503-236-6818
Fax 503-961-1128
E-mail joederie@comcast.net

29 January 2014

Hofmann & Schweitzer
Attn: Mr. Paul T. Hofmann
360 W. 31st St.
New York, NY 10001

Ref. Kelly v. F/V *Pacific Capes*

Subject: Investigation of incident involving Capt. Kieran Kelly onboard the F/V *Pacific Capes* in June 2013

1. **Procedure.** The following comments are based upon my professional research; my visit to the F/V *Pacific Capes* on 17 January 2014 (photographs attached); photographs provided and attached (enclosure A); and my skill, knowledge and experience gained as a registered professional engineer, professional seaman and Marine Safety Consultant over a number of years as referenced in my curriculum vitae.

2. **Incident.** At some time in the early evening in June 2013, while the F/V *Pacific Capes* was tied up at the pier in the Port of Astoria, OR, Capt. Kieran Kelly, the vessel's master, went below to change the oil filters (centered on bulkhead in photos 161, 216, these pictures were taken while facing aft) in the machinery space. While approaching the oil filters and adjacent to the bucket that is placed to catch leaking hydraulic fluid (photo3, photo4, photo6, photo7, photo8; photo 2, photo 3, photo 4, photo 5; photo 2A, photo 3A; and photos 148-151) Capt. Kelly slipped on the oily deck (photos 138, 160–161 show approximate location; note oil absorbent sheets) and struck his head on the main engine's starboard heat exchanger (photos 161–163, 205) before falling to the deck.

3. **Regulatory oversight.** This accident happened aboard the uninspected commercial fishing vessel F/V *Pacific Capes*, a US flagged vessel. With regard to the safety of this vessel and this accident, the US Coast Guard has regulatory responsibility regarding safety aboard this vessel at all times. The Occupational Safety and Health Administration (OSHA) also has regulatory responsibility regarding safety aboard this vessel while it is in US waters; see OSHA Instruction, Directive Number: CPL 02-01-04, effective date: 02/22/2010, Subject: OSHA Authority Over Vessels and Facilities on or Adjacent to U.S. Navigable Waters and the Outer Continental Shelf


DEFENDANT'S EXHIBIT A

(OCS), (enclosure B). The US Coast Guard and OSHA standards establish a standard of reasonable care and reasonable fitness for uninspected vessels like the F/V *Pacific Capes*.

4. **Reporting or recording of accident.**

    4.1. This accident was never properly reported to the US Coast Guard by the owners, as required by 46 CFR 4.05-1, Notice of Marine Casualty (enclosure C).

    4.2. This accident was never properly recorded by the owners, as required by 29 CFR 1904.4 Recording Criteria (OSHA) (enclosure D).

5. **Reasonable care.** At the time of the accident Capt. Kelly was acting with reasonable care.

6. **Unsafe Working Conditions.**

    6.1. The passageway where Capt. Kelly slipped is on the starboard side of the machinery space (photo 1; photos 39, 138 and 206). Capt. Kelly was proceeding aft. (All measurements given in this report are approximate.)

    6.1.1. The passageway ranges in width from 14" (photo 180) to 24" (photo 138).

    6.1.2. The deck is diamond pattern steel sheet (photo 138).

    6.1.3. There is an irregular drop of 1" at the forward part of the passageway (photos 142–146, 166, 206, 212–213, 215).

    6.1.4. The lower deck plate at the irregular 1" drop is not anchored in place (photos 140–144, 214) and has to be reset from time to time.

    6.1.5. There is a step down of 10" into the area where Capt. Kelly slipped (photo 1A; photos 145–146, 173–174, 186–187, 206).

    6.1.6. There are no handrails in the passageway (photo 1; photos 39, 138, 206). Capt. Kelly had nothing to grasp in order to prevent his fall.

    6.2. The slippery deck was a result of leaking hydraulic fluid from the vessel's hydraulic motor; see photo5 (blue machinery to starboard about mid photo), photo4, photo7; photo 2, photo 3, photo 4; photo 1A, photo 2A; and photos 187 (at upper right), 205–206. This motor is driven by the starboard AC generator (yellow machinery in photo5; photo 2, photo 3; photo 1A; photos 39, 138–140, 146–147, 186–187, and 205–206).

    6.2.1. There are multiple leaks. The volume so great that a bucket is placed full time beneath the leaks in order to catch them (photo3, photo4, photo6, photo7, photo8; photo 2, photo 3, photo 4, photo 5; photo 2A, photo 3A; and 148–151). Dripping fluid can be seen above the bucket and splashed on the bulkhead in a number of areas (photo3, photo4, photo6, photo7, photo8 and photos 154, 156–159).

    6.2.2. The movement of the vessel in a seaway causes the hydraulic fluid to spill onto the deck in the passageway making it extremely slippery.

    6.2.3. Hydraulic fluid on the sheet steel deck is clear and an individual would have no way of telling if the deck was slippery from hydraulic fluid.

6.3. Oil absorbent cloths are frequently placed on the deck in the vicinity of the hydraulic leak bucket (photo 1; photo 1A; photos 138–139). When they reach their maximum capacity to absorb hydraulic fluid they become a slipping hazard in themselves. It is unknown if oil absorbent cloths were on the deck at the time of the incident.

6.4. Capt. Kelly has asked the owners of the vessel on numerous occasions to fix the leaking hydraulic motor.

6.5. The slippery deck is a violation of 29 CFR 1910.22 Walking-Working Surfaces (OSHA) (enclosure E), which states: "The floor of every workroom shall be maintained in a clean and, so far as possible, a dry condition. Where wet processes are used, drainage shall be maintained, and false floors, platforms, mats, or other dry standing places should be provided where practicable."

7. **Conclusions.**

   7.1. The above acts, omissions and deficiencies cited throughout this report were a result of the failure of the owners of the vessel to use reasonable care under the circumstances at the time of the accident to avoid injury to Capt. Kelly (negligence).

   7.2. The unsafe acts, omissions and deficiencies cited throughout this report were a condition of F/V *Pacific Capes* and made her an unseaworthy vessel at the time of the accident.

   7.3. Furthermore, the above cited negligence and unseaworthiness were substantial factors in bringing about Capt. Kelly's injuries.

8. **Reservation of rights.** The right to amend, change, delete from or add to this report is reserved in the case of the development, discovery or receipt of new information pertaining to these incidents from any source.

This report is submitted without prejudice.

Joseph A. Derie DSc PE
Marine Safety Consultant

5 Enclosures

2 Sets of Photographs

**List of Enclosures**

A. List of photographs provided.

B. OSHA Instruction, Directive Number: CPL 02-01-04, effective date: 02/22/2010, Subject: OSHA Authority Over Vessels and Facilities on or Adjacent to U.S. Navigable Waters and the Outer Continental Shelf (OCS).

C. 46 CFR 4.05-1, Notice of Marine Casualty.

D. 29 CFR 1904.4, Recording Criteria (OSHA).

E. 29 CFR 1910.22 Walking-Working Surfaces (OSHA).

**List of Photographs provided by Mr. Paul Hofmann**

- IMG_0039
- IMG_7246
- IMG_7274
- IMG_7275
- Photo 1
- Photo 2
- Photo 3
- Photo 4
- Photo 5
- Photo 1A
- Photo 2A
- Photo 3A
- Photo1
- Photo2
- Photo3
- Photo4
- Photo5
- Photo6
- Photo7
- Photo8

Enclosure A